## UNITED STATES BANKRUPCTY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re JOSEPH D. BROWN,                     **Case No. 8:13-bk-09074-CPM**
                                            **Chapter 13 Case**

      Debtor,

_____/

### DEBTOR'S VERIFIED OBJECTION TO CLAIM
### BY ALLEGED FIRST MORTGAGE HOLDER U.S. BANK, N.A. AND MOTION TO
### DETERMINE SECURED STATUS

**PURSUANT TO LOCAL RULE 2002-04, THE COURT WILL CONSIDER THIS MOTION WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES AN OBJECTION WITHIN 30 DAYS FROM THE DATE OF SERVICE OF THIS PAPER. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUSY FILE YOUR OBJECTION WITH THE CLERK OF THE COURT AT 801 NORTH FLORIDA AVENUE, TAMPA, FL 33602 AND SERVE A COPY ON THE MOVANT'S ATTORNEY, LAW OFFICE OF MICHAEL A. ZIEGLER, P.L., 13575 58TH STREET NORTH, SUITE 129, CLEARWATER, FLORIDA 33760.**

**IF YOU FILE AND SERVE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL SCHEDULE A HEARING AND YOU WILL BE NOTIFIED. IF YOU DO NOT FILE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUIRED IN THE PAPER AND WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING AND MAY GRANT THE RELIEF REQUESTED.**

Comes now the Debtor who files this Objection to Claim and in support thereof would state as follows:

1. On or around May 23, 2006, the Debtor entered into a loan with SouthStar Funding, LLC ("Original Creditor") in the amount of $432,800.00 ("the Loan").  The Loan was secured by mortgage lien on the following Real Property owned by Debtor:

   **ADDRESS: 2083 Timucua Trial, Nokomis, Florida 34275 ("Real Property")**
   **PARCEL I.D. #0359-04-0024**
   **Description:  Lot 30, Block D of Calusa Lakes, Unit 2, as per Plat Thereof recorded in Plat Book 35, Page(s) through 34F, of the Public Records of Sarasota County, Florida.**

2. The mortgage lien was originally recorded on May 25, 2006, Public Records of Sarasota County, Florida, Instrument No.: 2006097377.

3. On or around February 13, 2008, US Bank, N.A., an alleged assignee of the Original Creditor, attempted to collect on the subject loan by way of an action for residential mortgage foreclosure in the State Court in Sarasota County, Florida. *See* Exhibit A – Complaint for first action.

4. This first action was dismissed on February 11, 2009 prior to entry of judgment. *See* Exhibit B – Docket of Sarasota Case Number 2008-CA-2389-SC.

5. On or around July 20, 2009, US Bank, N.A., filed a second action. *See* Exhibit C – Complaint for second action.

6. The second action was dismissed on April 16, 2012, prior to entry of judgment. *See* Exhibit D – Docket of Sarasota Case Number 2009-CA-12229-NC.

7. On or around June 15, 2013, US Bank, N.A., filed a third action. *See* Exhibit E – Complaint for third action.

8. The third action is pending. *See* Exhibit F – Docket of Sarasota Case Number 2013-CA-4101-NC.

9. Fla. Stat. 95.281 provides that a mortgage shall terminate upon the expiration of 5 years from the date of maturity:

   **95.281  Limitations; instruments encumbering real property.—**

   (1)   The lien of a mortgage or other instrument encumbering real property, herein called mortgage, except those specified in subsection (5), shall terminate after the expiration of the following periods of time:

   (a)   If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity.
   …

10. Where a lender has accelerated a loan and made the borrower responsible for the full balance of the loan, the statute of limitations begins to run at the time when the mortgagee exercises the right to accelerate. *Monte v. Tipton*, 612 So 2d 714, 716 (Fla. 2d DCA 1993); *Conner v. Coggins*, 349 So. 2d 780 (Fla. 1st DCA 1977) (finding that a foreclosure action was not barred by the statute of limitations. The court expressly noted that because the mortgage and the installment contract did not contain an acceleration clause, the contract did not fully mature until there was a default in payment of the final installment.")

11. In the instant case, the creditor accelerated the subject loan at the time of the first action, as indicated by the allegations in the complaint. *See* Paragraph 9, Complaint for first action ("The Plaintiff declares the full amount payable under the Note and Mortgage to be due.") *See also* Paragraph 10, Complaint for first action ("The borrowers owe Plaintiff $429,234.74 that is due in principal on the Mortgage Note and Mortgage…").

12. Case law confirms that the filing of a complaint, and the allegations in the complaint constitute satisfactory evidence of acceleration. In *Central Home Trust Co. of Elizabeth v. Lippincott*, 392 So. 2d 931, 933 (Fla. 5th DCA 1980), the court held that "[t]o constitute an acceleration after default, where the holder has the option to accelerate, the holder or payee of the note must take some clear and equivocal action indicating its intent to accelerate all payments under the note, and such action should apprise the maker of the fact that the option to accelerate has been exercised." "Examples of acceleration are a creditor's sending written notice to the debtor, making an oral demand, and alleging acceleration in a pleading filed in a suit on the debt." *Id. See also Seligman v. Bisz*, 123 Fla. 493, 167 So. 38 (Fla. 1936)(finding where acceleration is [**3] at the option of the mortgagee, the "institution of a suit for foreclosure is the exercise of the option to declare the whole of the principal sum and interest secured by the mortgage to be due and payable"); *Jaudon v. Equitable Life Assur. Soc. of United States*, 102 Fla. 782, 136 So. 517 (Fla. 1931)("mere filing of suit to enforce the mortgage by foreclosure may sufficiently show [an] election to exercise [an] option to accelerate"); *Parise*, 438 So. 2d at 1022 (internal citations omitted)("Acceleration may be set in motion by filing a pleading in a suit on the full indebtedness. . . . Or it may be activated by a demand and express notice to the debtor").

13. The Debtor represents to the Court that no payments were made to the mortgagee (nor any agent or assignee for the mortgagee) since the time of the first action, nor has the Debtor entered into any agree to extend the statute of limitations.

14. Based on the above, the Debtor would ask the Court to enter an Order finding that the alleged first mortgage recorded on May 25, 2006, Public Records of Sarasota County, Florida, Instrument No.: 2006097377, SouthStar Funding, LLC as the "Original Creditor" is terminated pursuant to Fla. Stat. 95.281.

15. Wherefore, Debtors counsel would request fees in accordance with the reasonable fees established for a Motion to Determine secured status.

**WHEREFORE**, the Debtor would ask the Court to enter an Order finding that the alleged first mortgage as originally between the Debtor and SouthStar Funding, LLC, recorded on May 25, 2006, Public Records of Sarasota County, Florida, Instrument No.: 2006097377 is terminated pursuant to Fla. Stat. 95.281.

Respectfully Submitted,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _Dec 11, 2013_

_Joseph D. Brown_ (signature)

**Joseph D. Brown**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent through the CM/ECF system, US Mail, or other authorized means to the Clerk of the Court, the Trustee, and all parties provided on the attached mailing matrix on this **December 12, 2013**.

The foregoing has also been sent by Certified U.S. Mail with return receipt to:

US Bank National Association
c/o Eliabeth R. Wellborn, P.A.
350 Jim Moran Blvd, Ste 100
Deerfield Beach, FL 33442

Ocwen Loan Servicing, LLC
3451 Hammond Avenue
Waterloo, IA 50704-1330

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
FBN: 74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
mike@zieglerlawoffice.com