**UNITED STATES BANKRUPCTY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re JOSEPH D. BROWN,                    Case No. 8:13-bk-09074-CPM
                                          Chapter 13 Case

    Debtor,
_____/

## ORDER GRANTING DEBTOR'S VERIFIED OBJECTION TO CLAIM BY ALLEGED FIRST MORTGAGE HOLDER U.S. BANK, N.A. AND MOTION TO DETERMINE SECURED STATUS

THIS CASE came on for consideration of the Debtor's Verified Objection To Claim By Alleged First Mortgage Holder U.S. Bank, N.A. And Motion To Determine Secured Status (Doc. No. 54) (the "Motion") pursuant to the negative notice provisions of Local Rule 2002-4. Having considered the Motion and the absence of any record objection to the relief requested in the Motion by any party in interest, the Court deems the Motion to be uncontested. The Court hereby finds as follows:

1. The real property (the "Real Property") that is the subject of the Motion is located at **2083 Timucua Trial, Nokomis, Florida 34275,** and more particularly described as follows:

   **Lot 30, Block D of Calusa Lakes, Unit 2, as per Plat Thereof recorded in Plat Book 35, Page(s) through 34F, of the Public Records of Sarasota County, Florida.**

2. The Real Property was secured by a mortgage lien recorded on May 25, 2006, Public Records of Sarasota County, Florida, Instrument No.: 2006097377 as between Southstar Funds, LLC as mortgagee and the Debtor as mortgagor.

3. The court is empowered pursuant to 11 U.S.C. § 105 to determine whether a lien which purports to secure payment to real property is a valid lien.

4. The timeline set out in the Motion, supported by exhibits and verification, shows:

   a. On or around February 13, 2008, US Bank, N.A., an alleged assignee of the original mortgagee, attempted to collect on the subject loan by way of an action for residential mortgage foreclosure. This action was subsequently dismissed.

    b. On or around July 20, 2009, US Bank, N.A., filed a second action. This action was subsequently dismissed.

    c. On or around June 15, 2013, more than five (5) years after the first foreclosure action, US Bank, N.A., filed a third action. The third action is still pending.

5. Fla. Stat. § 95.281 provides that a mortgage shall terminate upon the expiration of 5 years from the date of maturity.

6. Where a lender has accelerated a loan and made the borrower responsible for the full balance of the loan, the statute of limitations begins to run at the time when the mortgagee exercises the right to accelerate. *Monte v. Tipton*, 612 So 2d 714, 716 (Fla. 2d DCA 1993); *Conner v. Coggins*, 349 So. 2d 780 (Fla. 1st DCA 1977).

7. Examples of acceleration are a creditor's sending written notice to the debtor, making an oral demand, and alleging acceleration in a pleading filed in a suit on the debt. *Central Home Trust Co. of Elizabeth v. Lippincott*, 392 So. 2d 931, 933 (Fla. 5th DCA 1980).

8. In the first foreclosure action, the complaint filed by US Bank, N.A. states unequivocally "The Plaintiff declares the full amount payable under the Note and Mortgage to be due," thereby triggering acceleration. *See* Paragraph 8, Complaint filed in case number 2008-CA-2389-SC, Sarasota County Circuit Court.

ORDERED:

1. The Motion is GRANTED. Pursuant to Fla. Stat. § 95.281, the Court finds that the mortgage lien recorded on May 25, 2006, Public Records of Sarasota County, Florida, Instrument No.: 2006097377 as between Southstar Funds, LLC as mortgagee and the Debtor as mortgagor was extinguished on February 13, 2013, as a matter of law.

2. This finding applies irrespective of discharge or confirmation of this bankruptcy case.

3. Debtor's counsel shall be awarded $250 to pursue the Motion.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on February 11, 2014

                                                   Catherine Peek McEwen
                                                   United States Bankruptcy Judge

Copies furnished to:

Attorney Michael A Ziegler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.